UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROBERT HENSLEY,

    Plaintiff,

v.                                      Case No:   3:16-cv-342-J-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____

## OPINION AND ORDER

Plaintiff, Robert Hensley, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for Supplemental Security Income ("SSI"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **REVERSED AND REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.**    **Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    **A. Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do his previous work, or any other

substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

**B. Standard of Review**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that he is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, he will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit his physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that his impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If he meets this burden, he will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that his impairment meets or equals one of the impairments listed in Appendix 1, he must prove that his impairment prevents him from performing his past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of his past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform his past relevant work, then he will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, he will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200,

1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that he is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

**C. Procedural History**

Plaintiff filed an application for SSI on May 4, 1990, alleging disability beginning December 31, 1983. (Tr. 360). Plaintiff's application was denied initially on August 20, 1990, and upon reconsideration on October 11, 1990. (Tr. 360). Plaintiff's claim was denied by an administrative law judge ("ALJ") on September 24, 1991, and his Request for Review was denied by the Appeals Council on April 23, 1992. (Tr. 108-115, 118-19).

Plaintiff filed a subsequent claim for SSI benefits in July 1993 and was found disabled and entitled to benefits as of July 1, 1993. (Tr. 150).

On March 21, 1994, the U.S. District Court for the Western District of North Carolina issued an order in *Hyatt, et al. v. Shalala*, which provided relief to certain individuals who alleged pain and had their Title II and Title XVI benefits denied or terminated by the North Carolina Disability Determination Section, or an ALJ, or the Administrative Appeals Judge on or after July 7, 1981, and before November 14, 1991. *See* Program Operations Manual System (POMS) DI 32548.001, (https://secure.ssa.gov/poms.nsf/lnx/043).

On January 4, 2011, Plaintiff filed a request for a hearing of the 1990 denials. (Tr. 152). Because Plaintiff was granted SSI on a subsequent application and because SSI benefits cannot be

paid earlier than the date an application is filed, Plaintiff's claim was in essence one for a closed period of benefits for the time period May 4, 1990, through June 30, 1993.

In order to address this closed period a hearing was held before ALJ Robert Droker on March 15, 2012. (Tr. 301-05). At that time Plaintiff was not represented by counsel and the ALJ granted a continuance in order for him to obtain a representative. Plaintiff subsequently secured counsel and another hearing was held on June 5, 2012. (Tr. 306-26). Plaintiff was present, as was a Vocational Expert ("VE"), Donna Mancini, and a Medical Expert ("ME"), Carlos Kronberger, M.D. (Tr. 308). Plaintiff and Dr. Kronberger offered testimony but it was discovered during the hearing that the physician was not provided the complete administrative record. (Tr. 325). The ALJ then continued the hearing to allow Dr. Kronberger an opportunity to review the additional evidence (T. 325).

A third hearing was commenced on July 12, 2012. (Tr. 327-56). Present and testifying at this hearing was Dr. Kronberger, and Lorin Lovely, a VE. Following this hearing the ALJ found that Plaintiff was not disabled by decision dated August 6, 2012. (Tr. 10-24). This decision was upheld by the Appeals Council. (Tr. 6-9).

Plaintiff filed a complaint in this Court (Case No.: 3:14-cv-245-MCR) and, by Opinion and Order dated March 2, 2015, the Court reversed the ALJ's decision and remanded Plaintiff's claim for additional proceedings. (Tr. 374-88). In doing so the Court determined that the ALJ (1) failed to adequately evaluate the medical opinions offered by Abdelmesih Boulos, M.D., a State Agency non-examining medical expert, opinions that supported a finding of disability (Tr. 381-82) and (2) failed to meet his burden at Step Five of the sequential evaluation process when he relied on testimony from a VE which "exceeded the scope of the witness's expertise." (Tr. 383-88).

Following remand, ALJ Droker held another hearing, this time on October 6, 2015. (Tr. 610-21). While a medical expert was scheduled to testify (Tr. 458) the ALJ decided against receiving his testimony. (Tr. 612). Joey Kilpatrick, a VE, was the only individual to offer testimony (T. 612-21). By decision dated January 12, 2016 the ALJ again denied Plaintiff's claim. (Tr. 357-73).

Plaintiff initiated the instant action by Complaint (Doc. 1) filed on March 22, 2016. This case is now ripe for review pursuant to 42 U.S.C. § 405(g).

**D. Summary of the ALJ's Decision**

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the *Hyatt* period from May 4, 1990, to June 30, 1993. (Tr. 363). At step two, the ALJ found that Plaintiff had the following severe impairments during the period at issue: borderline intellectual functioning, organic mental disorder, headaches, and status post gunshot wound to the head. (Tr. 363). At step three, the ALJ found that during the period at issue, Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 102).

Before proceeding to step four, the ALJ found that during the period at issue, Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 416.967(b) except "he needs to avoid ladders or unprotected heights; he needs to avoid the operation of heavy moving machinery he is limited to occasional bending, crouching, kneeling, and stooping; he needs to avoid squatting and crawling; he needs simple, repetitive tasks with low stress and no production lines; and he needs limited contact with public." (Tr. 365). At step four,

the ALJ found that Plaintiff was unable to perform his past relevant work as a painter and construction worker II during the period at issue. (Tr. 371).

At step five, the ALJ relied on the testimony of a vocational expert to find that considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy during the period at issue that Plaintiff could have performed. (Tr. 372). Specifically, the ALJ found that Plaintiff could have performed the requirements of such jobs as laundry sorter, garment sorter, or housekeeper cleaner. (Tr. 372). The ALJ concluded that Plaintiff had not been under a disability from May 4, 1990, to June 30, 1993. (Tr. 373).

**II.     Analysis**

Plaintiff raises a single issue on appeal: "Did the Administrative Law Judge adequately evaluate the medical opinions supporting a finding of disability offered by Dr. Kronberger, the Medical Expert who testified at one of Mr. Hensley's hearings?" (Doc. 12 p. 1). Plaintiff contends that Dr. Kronberger offered testimony supporting a finding that Plaintiff was unable to engage in any competitive work for the time period May 4, 1990, through June 30, 1993. (Doc. 12 p. 1). Plaintiff argues that the ALJ erred by disregarding this testimony for reasons that are legally deficient and not supported by substantial evidence. (Doc. 12 p. 1).

Plaintiff's arguments pertain to how the ALJ treated Dr. Kronberger's testimony concerning two records from another physician, Abdelmesih Boulos, M.D., who had completed a Mental Residual Functional Capacity Assessment ("MRFCA") and a Psychiatric Review Technique Form ("PRTF") of Plaintiff on August 22, 1994. In the PRTF, Dr. Boulos opined that Plaintiff had moderate limitations in daily activities and social functioning, but frequent or marked limitations in concentration. (Tr. 274). In the MRFCA, Dr. Boulos opined that Plaintiff was markedly limited in his ability to understand and remember detailed instructions; carry out detailed

instructions, maintain attention and concentration for extended periods; perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances; and interact appropriately with the general public. (Tr. 265-66). In addition, Dr. Boulos opined that Plaintiff "does not have the ability to engage in SGA due to inability to sustain attention and concentration for extended periods." (Tr. 267).

Plaintiff argues that is indisputable that Dr. Kronberger explicitly, and without qualification, testified that he agreed with the opinion offered by Dr. Boulos on the MRFCA form. (Doc. 12 p. 12). Plaintiff argues that there was nothing "muddled" about Dr. Kronberger's testimony in this regard and that the ALJ's finding that Dr. Kronberger did not adopt the entirety of Dr. Boulos' opinion contained in the MRFCA is an attempt to avoid having to deal with specific opinion evidence that undermines the ALJ's denial of benefits. (Doc. 12 p. 12). Plaintiff contends that his counsel questioned Dr. Kronberger about the PRTF and the MRFCA, and that when Dr. Kronberger stated that he agreed with "that part of it" he was referring to the PRTF, not the MRFCA. (Doc. 12 p. 12). Thus, the ALJ was incorrect to state that Dr. Kronberger "intended to agree with parts of, but not the whole" of the MRFCA. (Doc. 12 p. 13).

In response, Defendant argues that the evidence and the entirety of Dr. Kronberger's testimony supports the ALJ interpretation. (Doc. 13 p. 10). Defendant argues that Dr. Kronberger's testimony provided substantial evidence supporting the ALJ's decision, and the Court should affirm the Commissioner's final decision. (Doc. 13 p. 12).

In this case, after a de novo review of the record, the Court finds that remand is appropriate, but not on the grounds argued by Plaintiff. Plaintiff's argument is concerned with whether Dr. Kronberger adopted all of Dr. Boulos' opinion in the MRFCA, an inquiry that is not germane given the fact that the ALJ addressed and weighed directly the opinion Dr. Boulos. If the ALJ properly

evaluated Dr. Boulos' opinion and substantial evidence supported the weight he assigned to the opinion, then it makes little difference whether the ALJ understood Dr. Kronberger to have adopted all of the opinions in the MRFCA. In essence, the evidence supporting the ALJ's decision to discount Dr. Boulos' opinion would serve to discount the opinion of Dr. Kronberger, who merely agreed with Dr. Boulos' opinion.

Substantial evidence does not support the ALJ's treatment of Dr. Boulos' opinion. In the first appeal to this Court (Case No.: 3:14-cv-245-MCR), the Court remanded, in part, on the basis that the ALJ failed to address Dr. Boulos' finding that Plaintiff experienced marked limitations in his ability to perform activities in a schedule, maintain regular attendance, and be punctual within customary tolerances. The Court directed the ALJ to further review the medical opinion of Dr. Boulos. (Doc. 17 p. 9-8 in 3:14-cv-245-MCR).

The Court finds that the ALJ has failed to comply with requirements of the Court's Opinion and Order remanding the case. In the ALJ's previous decision, a paragraph was included that thoroughly set forth Dr. Boulos' opinion in both the PRTF and the MRFCA. (Tr. 20). In the current decision, this paragraph has curiously been removed, despite the direction to provide further reviews of the medical opinions of Dr. Boulos.

Despite the absence of any paragraph summarizing Dr. Boulos' opinions in the PRTF or MRFCA, the ALJ did explain the weight given to the opinions of Dr. Boulos as follows:

> Regarding the opinion by State agency psychiatric consultant Abdelmesih Boulos, MD, the undersigned first notes that this opinion was offered after the relevant period. Dr. Boulos completed a mental residual functional capacity finding that the claimant had moderate limitations in activities of daily living and social function, "frequent" (*i.e.*, marked) limitations in concentration, persistence, or pace, and one to two episodes of decompensation, though he failed to indicate support for the noted episodes of decompensation. On this basis, the claimant was granted benefits (Exhibits 52 and 54). The undersigned does not adopt Dr. Boulos' opinion, as he failed to provide sufficient support for his findings

> (particularly episodes of decompensation, evidence of which the undersigned did not find in this record) and moreover, he did not reconcile the inconsistences in the test results. In light of this, the undersigned has given limited weight to Dr. Boulos' findings, including significant weight to the extent he noted moderate limitations in activities of daily living and social activities; however, the marked, or frequent, limitation in concentration, persistence, or pace, the other issues noted, and the episodes of decompensation clearly are not well supported by the medical and other credible evidence of record; and therefore, they are given little weight.

(Tr. 371).

Here, while the ALJ did explain the weight he gave to the MRFCA, the Court finds that the ALJ failed to comply with the Court's previous Opinion and Order. The ALJ's decision does not summarize the findings of Dr. Boulos in the PRTF nor the RFCA in any depth. Instead, Dr. Boulos' findings are touched upon only briefly in the discussion of Dr. Kronberger's opinion. Notably missing from the ALJ's decision is a discussion of the findings the Court previously faulted the ALJ for omitting, i.e., a discussion of Dr. Boulos' finding that Plaintiff experienced marked limitations in his ability to perform activities in a schedule, maintain regular attendance, and be punctual within customary tolerances. Here, the ALJ merely alludes to this finding of Dr. Boulos and fails to provide substantial evidence for rejecting it.

On remand, the Court will require the ALJ to summarize Dr. Boulos' findings contained in the PRTF and MRFCA. Further, the Court will require the ALJ to state the weight he accords these findings and his reasons therefor.

### III. Conclusion

The decision of the Commissioner is **REVERSED AND REMANDED**. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on June 27, 2017.

_Douglas N. Frazier_
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties